UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD HADLEY, | |
| Plaintiff, | |
| v. | Case No. 18-cv-1068-JPG-DGW |
| ASTRAZENECA PHARMACEUTICALS PLC, ASTRAZENECA PLC, U.S. and GOVERNMENT FOOD AND DRUG ADMINISTRATION, | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Leonard Hadley's motion for leave to proceed *in forma pauperis* (Doc. 2) and motion for service of process at government expense (Doc. 3). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Hadley's affidavit that he is indigent. The Court further finds that the action is not clearly frivolous or malicious or that it fails to state a claim. Accordingly, the Court **GRANTS** the motion for leave to proceed *in forma pauperis* (Doc. 2).

The Court further **GRANTS** the motion for service of process at government expense (Doc. 3). The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States Marshal or Deputy Marshal or other specially appointed person. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

If the plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff for service on defendants AstraZeneca Pharmaceuticals PLC and AstraZeneca PLC, U.S. and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff for service on defendant Government Food and Drug Administration and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, complaint and this order upon the defendant Government Food and Drug Administration, the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., in the manner specified by Federal Rule of Civil Procedure 4(i)(1) & (2), as directed by the plaintiff.

Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**
**DATED: June 8, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**